Amir J. Goldstein, Esq. (SBN 255620)
ajg@consumercounselgroup.com
The Law Offices of Amir J. Goldstein, Esq.
7304 Beverly Blvd., Suite 212
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY QUINN, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>MANDARICH LAW GROUP, LLP, RESURGENT CAPITAL SERVICES LP d/b/a LVNV FUNDING LLC and DOES 1 through 10 inclusive,<br><br>     Defendants. | CASE NO.:  2:21-cv-812<br><br>CLASS ACTION<br>COMPLAINT FOR DAMAGES |

   Plaintiff, by and through his attorney, Amir J. Goldstein, Esq., as and for his class action complaint against the Defendants, MANDARICH LAW GROUP, LLP and RESURGENT CAPITAL SERVICES LP d/b/a LVNV FUNDING LLC, alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer and on behalf of a class for the Defendants' violations of 15 U.S.C. § 1692 *et seq.* or the Fair Debt Collection Practices Act ("FDCPA") and California Civil Code § 1788, *et seq*. or the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), which prohibits debt collectors from

engaging in abusive, deceptive and unfair practices. Plaintiff also seeks damages for violations of California Business and Professions Code §17200, et seq.

## PARTIES

2. Plaintiff is a natural person residing in Los Angeles County, California.
3. Upon information and belief, the Defendant Mandarich Law Group, LLP is a "debt collector" as defined pursuant to 15 U.S.C. § 1692a(6) and Cal. Civ. Code §1788.2, located in Chatsworth, California and is authorized to do business in California.
4. Upon information and belief, the Defendant Resurgent Capital Services LP d/b/a LVNV FUNDING LLC is a "creditor" and a "debt collector" as defined pursuant to Cal. Civ. Code §1788.2, located in Greenville, South Carolina and is authorized to do business in California.

## JURISDICTION

5. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331 and 28 U.S.C. § 1391.

## AS AND FOR A FIRST CAUSE OF ACTION

6. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.
7. That a personal debt was allegedly incurred by Plaintiff to Compass Bank.
8. That upon information and belief, the aforementioned debt was purchased by and/or transferred to Defendant Resurgent Capital Services LP dba LVNV Funding LLC (hereinafter referred to as "Defendant Resurgent").
9. That at a time unknown to Plaintiff herein, the aforementioned debt was referred and/or assigned to Defendant Mandarich Law Group, LLP (hereinafter referred to as "Defendant Mandarich") for collection.

*Count One*

10. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

11. That on or about September 4, 2020, Defendant Mandarich, on behalf of Defendant Resurgent, filed a lawsuit (case no. 20CHLC19699) in the Superior Court of California, County of Los Angeles (hereinafter referred to as the "Collections Lawsuit") against Plaintiff to collect on the alleged debt. (A true and correct copy of the Summons, Complaint and exhibit(s) in support thereof filed by the Defendants in the Collections Lawsuit is attached hereto as **EXHIBIT 1**.)

12. That according to the complaint filed in the Collections Lawsuit, the date of the last payment on the alleged debt was May 5, 2016.

13. That the date of the last activity on the alleged account was more than four years from the date the Collections Lawsuit was filed.

14. That the Statute of Limitations on a breach of contract or Open Book Accounts, as Defendants alleged, is four years in California.[1]

15. That upon information and belief, Defendants were deceptively and unlawfully attempting to collect on a time-barred debt.[2]

16. That as a result of Defendants' misrepresentations and deceptive statements, Plaintiff was led to believe that he was obligated to pay the alleged debt.

17. That the Defendants' communications and conduct caused an unnecessary urgency in attempt to coerce the Plaintiff to pay the alleged debt.

---

[1] See Cal. Code Civ. Procedure §337.

[2] See *McCollough v. Johnson, Rodenberg & Lauinger*, 610 F.Supp.2d 1247, 1257 (D. Mont. 2009) (holding "a debt collector violates the FDCPA by using the courts to attempt to collect a time-barred debt.") aff'd in relevant part sub nom. *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011); See also *Martinez v. Albuquerque Collection Servs., Inc.,* 867 F.Supp. 1495, 1506 (D. N.M. 1994).

18. That upon information and belief, Defendants filed the Collections Lawsuit in an effort to coerce the Plaintiff into making payments and thereby manipulate the statute of limitations on Plaintiff's alleged debt.
19. That Plaintiff was confused and became stressed and anxious about the Collections Lawsuit filed against him.
20. That Plaintiff was left with no other recourse than to seek legal representation.
21. That Plaintiff retained legal counsel and incurred legal expenses as a result of Defendants' conduct.
22. That Plaintiff was compelled to retain litigation defense counsel, resulting in additional damages, both economic and non-economic.
23. That on or about November 24, 2020, the Defendants were then advised that the Plaintiff was represented by counsel and that based on the face of their Complaint, the Defendants filed the Collections Lawsuit outside of the Statute of Limitations.
24. That on or about December 8, 2020, the Defendants then filed a Request for Dismissal to dismiss the underlying Collections Lawsuit.
25. That upon information and belief, Defendants knew or should have known that they could not prevail on the Collections Lawsuit to collect on a time-barred account, yet persisted with legal action anyway in a deceptive manner in order to confuse, intimidate and coerce the Plaintiff into making a payment on the alleged debt.
26. That but for the actions taken by the Plaintiff's attorneys in the Collections Lawsuit, Defendants would have otherwise coerced the Plaintiff into making a payment in order to settle the alleged debt or obtained a default judgment against the Plaintiff and abuse the Plaintiff with further enforcement and other legal action.

*Count Two*

27. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.
28. That subsequent to his retention of legal counsel, Defendants unlawfully continued their collection efforts against Plaintiff.
29. That despite a letter dated November 24, 2020 from Plaintiff's counsel advising the Defendants of his legal representation, Defendants continued to communicate directly with the Plaintiff in their attempts to collect a debt.
30. That on or about December 2, 2020, just days prior to Defendants' filing of the Request for Dismissal in the Collections Lawsuit, Defendants sent Plaintiff correspondence to purportedly "verify" the alleged debt, despite being on notice that Plaintiff was already represented by counsel.
31. That the Defendants' communications contain deceptive, misleading and confusing representations with regard to a consumer's right to dispute a debt as well as overshadowing and abusive language which contradicts the consumer's rights.
32. That Defendants' communications contained language demonstrating false statements, threatening implications and deceptive misrepresentations in violation of the FDCPA.
33. That as a result of Defendants' conduct, Plaintiff suffered actual damages, including, but not limited to: credit denial(s), stress, anxiety, aggravation, attorney's fees and court costs.
34. Defendants' conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (c), (d), (e), (f) and (g) in that the representations made by the Defendants are harassing, confusing, misleading, deceptive, threatening, unfair and fail to advise Plaintiff ("the least sophisticated consumer") of his legal rights as required by law.
    i. Defendants violated 15 U.S.C. § 1692c by continuing to communicate with the Plaintiff where they knew Plaintiff was represented by an attorney;
    ii. Defendants violated 15 U.S.C. §1692d by harassing and abusing the Plaintiff;

   iii. Defendants violated 15 U.S.C. §1692e by falsely representing the character, amount, or legal status of the alleged debt, by using false representations and using deceptive means to collect the alleged debt;

  b. Defendants violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect the alleged debt; and

  c. Defendants violated 15 U.S.C. §1692g by using misleading and overshadowing language in an attempt to collect the alleged debt, by contradicting and mischaracterizing Plaintiff's rights, and by mischaracterizing the status of the account and the alleged amount owed.

35. That Defendants, in an attempt to collect a debt, engage in a pattern or practice of communicating with consumers where the representations made by the Defendants are harassing, confusing, misleading, deceptive and/or unfair.

36. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, the Defendants are liable to Plaintiff for actual and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00, plus costs and attorney's fees.

**AS AND FOR A SECOND CAUSE OF ACTION**

37. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

38. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

39. By its acts and practices as hereinabove described, the Defendants have violated the Rosenthal Act as follows, without limitation:

  i. Defendants have violated §1788.10(f) which prohibits threats to take actions against the debtor which is prohibited by said title;

    ii. Defendants have violated §1788.13(j) with their false representations that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made;

    iii. Defendants have violated §1788 et seq, by failing to include certain debt collection notices and disclosures required by law; and

    iv. By the above-referenced violations of the FDCPA, Defendants have violated §1788.17.

40. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover his actual damages sustained as a result of the Defendants' violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

41. In addition, because the Defendants' violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to his actual damages, penalties of at least $1,000.00 as provided for in the Act.

42. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

### AS AND FOR A THIRD CAUSE OF ACTION

43. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

44. The California Business and Professions Code §17200, et seq., prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.

45. That Defendants, by engaging in the acts hereinabove described, have committed violations and that said acts are therefore per se violations of the California Business and Professions Code Section 17200 et seq.

46. That the harm caused by Defendants' conduct outweighs any benefits that Defendants' conduct may have.

47. That consumers, like the Plaintiff, are likely to be deceived, and that the Plaintiff was in fact deceived, by Defendants' conduct.

48. That the Defendants have been unjustly enriched by committing said acts.

49. That as a result of Defendants' conduct, the Plaintiff has been harmed and has suffered damages in the form of monetary losses, stress, anxiety, aggravation and sleepless nights.

50. That as a direct and proximate result of Defendants' unlawful, unfair and fraudulent business practices as alleged herein, the Plaintiff has suffered substantial injury in fact and lost money and/or property.

51. That pursuant to California Business and Professions Code § 17200, et seq., the Plaintiff is entitled to recover actual damages and restitution.

## CLASS ALLEGATIONS

52. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

53. The first cause of action is brought on behalf of the Plaintiff and members of a class.

54. That one sub-class consists of all persons whom Defendants' records reflect resided in the state of California and were sued by the Defendants in their attempts to collect on a time-barred debt.

55. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (A)     Based on the facts that the Defendants' billing practices and litigation procedures are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    (B)     There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendants violated the FDCPA by failing to follow appropriate procedures.

(C) The only individual issue is the identification of the consumers who were unlawfully subjected to legal action on a time-barred debt, a matter capable of ministerial determination from the records of the Defendants.

(D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing consumer-related class actions claims. The Plaintiff's interests are consistent with those of the members of the class.

(F) A class action is superior for the fair and efficient adjudication of the class members' claims. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

56. Collection lawsuits, pleadings, letters, statements and/or reports, such as those sent by, or at the direction of the Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

57. That many of the putative class members, as "least sophisticated consumers," may not have had access or been able to obtain defense counsel who would have promptly identified a statute of limitations defect in the Defendants' legal pleadings, and therefore, may not have been aware of Defendants' deceptive collection practices and may have fallen victim to the Defendants' unlawful conduct.

58. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

//
//
//

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendants in the amount of:

(a) An order certifying the class defined above, appointing the Plaintiff as the class representative and appointing his attorney as class counsel;

(b) Statutory damages and actual damages in an amount to be determined at the time of trial on behalf of the class on the first cause of action;

(c) Statutory, actual and punitive damages as provided by statute in an amount to be determined at the time of trial;

(d) Costs and reasonable attorney's fees pursuant to statute, common law, and/or the Court's inherent power;

(e) Equitable and injunctive relief;

(f) Restitution; and

(g) For such other and further relief as may be just and proper.

Plaintiff requests trial by jury on all issues so triable.

Dated: January 28, 2021                         AMIR J. GOLDSTEIN, ESQ.

   /S/ Amir J. Goldstein_____
Amir J. Goldstein, Esq.
**Attorney for Plaintiff**
7304 Beverly Blvd., Suite 212
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194